IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| DELORIS KAYE KIRKES, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case Number CIV-07-1345-C |
| | ) |
| GUIDEONE MUTUAL INSURANCE | ) |
| COMPANY, a foreign corporation, | ) |
| | ) |
| Defendant. | ) |

**MEMORANDUM OPINION**

Plaintiff owned houses at 10325 and 10341 Belmont Avenue, Midwest City, Oklahoma. Both houses were insured by Defendant on separate insurance policies. On December 22, 2006, both homes were damaged by fire. Plaintiff made a claim on her insurance policies. Defendant denied the claims arguing there was no coverage as the homes were vacant or unoccupied and had been for more than 30 days prior to the fire. Disagreeing with Defendant's determination, Plaintiff filed the present action asserting claims for breach of contract and bad faith breach of contract.

Plaintiff filed a motion for partial summary judgment asserting the undisputed facts demonstrate that she is entitled to judgment on her breach of contract claim for the 10341 Belmont Avenue home. Defendant objects and asserts that it is entitled to judgment on all of Plaintiff's claims related to this home.

Defendant also filed a summary judgment motion seeking judgment on each of Plaintiff's claims. According to Defendant, the undisputed facts demonstrate that coverage for each home was excluded under the policy due to vacancy. In the alternative, Defendant

argues the undisputed facts defeat Plaintiff's claim of fraud related to the actions of the insurance agent. Defendant argues that because these claims must fail, Plaintiff's bad faith claim cannot survive.

## STANDARD OF REVIEW

Summary judgment is appropriate if the pleadings and affidavits show there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). "[A] motion for summary judgment should be granted only when the moving party has established the absence of any genuine issue as to a material fact." Mustang Fuel Corp. v. Youngstown Sheet & Tube Co., 561 F.2d 202, 204 (10th Cir. 1977). The movant bears the initial burden of demonstrating the absence of material fact requiring judgment as a matter of law. Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986). A fact is material if it is essential to the proper disposition of the claim. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). If the movant carries this initial burden, the nonmovant must then set forth "specific facts" outside the pleadings and admissible into evidence which would convince a rational trier of fact to find for the nonmovant. Fed. R. Civ. P. 56(e). These specific facts may be shown "by any of the kinds of evidentiary materials listed in Rule 56(c), except the mere pleadings themselves." Celotex, 477 U.S. at 324. Such evidentiary materials include affidavits, deposition transcripts, or specific exhibits. Thomas v. Wichita Coca-Cola Bottling Co., 968 F.2d 1022, 1024 (10th Cir. 1992). "The burden is not an onerous one for the nonmoving party in each case, but does not at any point shift from the nonmovant to the district court." Adler v. Wal-Mart Stores, Inc., 144

F.3d 664, 672 (10th Cir. 1998).  All facts and reasonable inferences therefrom are construed in the light most favorable to the nonmoving party.  <u>Matsushita Elec. Indus. Co. v. Zenith Radio Corp.</u>, 475 U.S. 574, 587 (1986).

## **ANALYSIS**

A.  <u>10341 House</u>

There is no dispute that the relevant insurance policy was in force at the time of the fire.  Likewise, the parties are in agreement that the loss is a covered loss but for the presence of an exclusion in the policy.  That exclusion states:

> We insure against risk of direct loss to property described in Coverages A and B only if that loss is a physical loss to property; however, we do not insure loss:
>
> . . .
>
> 2.  caused by:
>
> . . .
>
> f.  vandalism and malicious mischief, theft or attempted theft if the dwelling has been vacant for more than 30 consecutive days immediately before the loss.  A dwelling being constructed is not considered vacant.

Dkt. No. 23, Exh 1-A, p. 4. The only dispute is whether or not the house was "vacant" at the time of the loss.

Plaintiff argues there is a distinction in insurance law between "vacant" and "unoccupied."  According to the cases relied on by Plaintiff, "vacant" means the home is empty or has been abandoned, while "unoccupied" means no one is living there at the time but items of living remain.  Plaintiff asserts that because the home contained items of furniture and guests stayed there periodically it was not "vacant" but unoccupied.  Plaintiff also points out that she maintained the utilities on the home, arguing this is additional proof

3

of occupancy. Defendant relies on Plaintiff's own deposition testimony where she stated the home was vacant. According to Defendant, Plaintiff's statement and the fundamental tenet of contract construction -- give effect to the intent of the parties -- supports its decision to deny coverage.

The Court's initial task is to determine if the term "vacant" is ambiguous. See <u>Dodson v. St. Paul Ins. Co.</u>, 1991 OK 24, ¶ 12, 812 P.2d 372, 376 ("The interpretation of an insurance contract and whether it is ambiguous is a matter of law for the Court to determine and resolve accordingly."); <u>see</u> <u>also</u> <u>Harjo Gravel Co. v. Luke-Dick Co.</u>, 1944 OK 268, 153 P.2d 112. In a case such as this one, where the parties ascribe two irreconcilable interpretations to the same term of an insurance contract, the Court must determine if the insurance contract is unambiguous despite the parties' conflicting interpretations:

> Oklahoma's extant jurisprudence demarcates guidelines for ascribing meaning to an insurance policy's terms. Basically, an insurance policy is a contract. *When its terms are unambiguous and clear*, the employed language is accorded its ordinary, plain meaning and enforced so as to carry out the parties' intentions. In this process we are mindful that an insured and insurer are free to contract for that quantum of coverage which one is willing to extend and the other is willing to purchase. The parties are bound by the terms of their agreement and the Court will not undertake to rewrite the same nor to make for either party a better contract than the one which was executed.

<u>Bituminous Cas. Corp. v. Cowen Constr., Inc.</u>, 2002 OK 34, ¶ 9, 55 P.3d 1030, 1033 (emphasis in original) (footnotes omitted). See also <u>IDG, Inc. v. Cont'l Cas. Co.</u>, 275 F.3d 916, 921 n.2 (10th Cir. 2001). "[T]he test to be applied in determining whether a word [or phrase] is ambiguous is whether the word [or phrase] 'is susceptible to two interpretations' on its face." <u>Cranfill v. Aetna Life Ins. Co.</u>, 2002 OK 26, ¶ 7, 49 P.3d 703, 706, <u>quoting</u>

Littlefield v. State Farm Fire & Cas. Co., 1993 OK 102, ¶ 7, 857 P.2d 65, 69. The test "is applied from the standpoint of a reasonably prudent lay person, not from that of a lawyer." Cranfill, at ¶ 8 (citing Couch on Insurance 3d § 21:14 (1995)). In reviewing a provision of an insurance contract, the Court should not use "a forced or strained construction," take "a provision out of context," or "narrowly focus[] on a provision," Wynn v. Avemco Insurance Co., 1998 OK 75, ¶ 17, 963 P.2d 572, 575 (citing Dodson, 1991 OK 24, ¶ 13, 812 P.2d at 376), "'so as to import a favorable consideration to either party than that expressed in the contract.'" Crawford v. Indem. Underwriters Ins. Co., 1997 OK CIV APP 39, ¶ 6, 943 P.2d 1099, 1101 (quoting Dodson, id.). The question of whether policy language is ambiguous is a matter of law, and therefore appropriate for summary judgment determination. MIC Property & Cas. Ins. Corp. v. Int'l Ins. Co., 990 F.2d 573, 576 (10th Cir. 1993).

Following these rules of construction, and viewing the policy language from the standpoint of a reasonably prudent layperson, the Court finds the term "vacant" is ambiguous as it is susceptible to two or more meanings. "Vacant" can mean entirely empty or abandoned or it can mean that noone is using it as a residence. This determination does not run afoul of the rule requiring contract construction to be done in a manner to effectuate the intent of the parties. See 15 Okla. Stat. § 152. Defendant's argument to the contrary unreasonably narrows the focus. It is reasonable to expect that Plaintiff wished to have her home protected if it was damaged, as that is why she purchased insurance. That she considered the home vacant does not reflect on her intent that the coverage should be excluded but highlights the ambiguity in the term.

Because the term "vacant" is ambiguous, it must be construed against Defendant as the drafter. See Littlefield, 1993 OK 102 at ¶ 7, 857 P.2d at 69 ("Insurance contracts are contracts of adhesion. If susceptible of two constructions, the contract will be interpreted most favorably to the insured and against the insurance carrier. If the contractual language is ambiguous . . . then the policy must be construed in favor of the insured.") (footnotes omitted). See also Phillips v. Estate of Greenfield, 1993 OK 110, ¶ 10, 859 P.2d 1101, 1104 ("When an insurance contract is susceptible of two meanings, i.e. if it is subject to an ambiguity, the familiar rule of insurance contract interpretation applies and words of inclusion are liberally construed in favor of the insured and words of exclusion strictly construed against the insurer.").

When construed strictly against Defendant, the term "vacant" must be limited to the situation when the home has been abandoned and is entirely empty. Here, the undisputed evidence demonstrates that the house was still used as a home. Plaintiff maintained furniture in the home and guests stayed there periodically. That no guest had been in the home for more than 30 days prior to the fire is immaterial. What is important is that the house was to be used for that purpose in the future; thus, Plaintiff had not intended it to be empty or abandoned. For these reasons, Plaintiff is entitled to coverage for the loss at 10341 Belmont Avenue, Midwest City, Oklahoma.

B. 10325

As with the previous home, it is undisputed that the home at 10325 Belmont was covered by an insurance policy at the time of the loss. It is also undisputed that the type of

6

loss -- fire -- was covered by the policy. As with the above discussion, the issue is whether an exclusion applied which precludes coverage. The pertinent policy language for the home located at 10325 Belmont is slightly different from that noted above. The exclusion states:

> We do not insure for loss caused directly or indirectly by any of the following:
>
> 11. Vacant or unoccupied means any dwelling
>     a. in which most of the furnishings or other items needed for human occupancy are missing for 30 days or more; or
>     b. which is used as a dwelling but has no permanent resident for 30 days or more, even if it is fully furnished.

Dkt. No. 23 Exh. 1-B, p. 17.[*] Plaintiff does not argue that this house was occupied or was anything other than vacant. Rather, she argues that the cause of the loss was not the vacancy but was a fire. Plaintiff's argument appears supported by the plain language of the policy as the exclusion cited above appears to require the loss to be caused directly or indirectly by the vacancy. Here, there is no evidence the vandalism/arson happened because of the vacancy. While that fact may have contributed, the wrongful act could just have easily occurred when the occupants were out to dinner and a movie. However, because Plaintiff fails to expound on her argument it will not be further considered. Celotex Corp., 477 U.S. at 322-23. Regardless, Defendant is not entitled to judgment.

Plaintiff asserts that when her son moved out of the house at 10325 Belmont, she phoned her agent, asked to have her son removed from the policy and asked if she needed

---

[*] Defendant also mentions the peril specific exclusion found on p. 71 of Exh. 1-B. However, Defendant fails to develop any facts or argument demonstrating how this exclusion applies to the covered loss. Nor does Defendant address Plaintiff's argument that the loss at issue was caused by arson, not vandalism or mischief. As noted herein, it is not the Court's responsibility to develop a party's argument. See Celotex Corp., 477 U.S. at 322-23.

to do anything else to ensure coverage as the house was now empty. Viewed in the light most favorable to Plaintiff, the evidence demonstrates that the agent does not recall this conversation. Defendant argues that Plaintiff's phone records, which reflect two calls of two minutes or less on the day in question, prevent any reasonable jury from finding the conversation occurred as Plaintiff asserts. The Court disagrees. To do as Defendant requests would require the Court to weigh the evidence and to determine which witness is more credible. Both tasks are improper at the summary judgment stage. See Nat'l Am. Ins. Co. v. Am. Re-Insurance Co., 358 F.3d 736, 742 (10th Cir. 2004) ("on 'a motion for summary judgment [the court] cannot evaluate credibility nor can [it] weigh evidence.'") (quoting Cone v. Longmont United Hosp. Ass'n, 14 F.3d 526, 533 (10th Cir. 1994)). If the jury finds that Plaintiff did report the vacancy to her agent and he failed to take the action necessary to protect Plaintiff's interests, Defendant cannot deny coverage for the loss at 10325 Belmont. See Sec. Ins. Co. of New Haven v. Greer, 1968 OK 3, ¶ 4, 437 P.2d 243, 245. Accordingly, Defendant's motion will be denied on this issue.

C.  Bad Faith

Defendant argues it is entitled to judgment on Plaintiff's bad faith claims as there is no evidence of breach of contract. However, as noted above, questions of fact remain on whether or not the homes were covered. Thus, Defendant's motion will be denied on this point.

In the alternative, Defendant argues it cannot be said to have acted in bad faith as it had a legitimate dispute and is entitled to have a judicial forum resolve that dispute. Skinner

v. John Deere Ins. Co., 2000 OK 18, ¶ 16, 998 P.2d 1219, 1223. ("Because disagreements can arise concerning the amount of coverage, cause of loss, and breach of policy conditions, the tort of bad faith does not prevent the insurer from resisting payment or resorting to a judicial forum to resolve a legitimate dispute."). The question, of course, is whether Defendant's actions were reasonable under the circumstances, that is – did Defendant have "a good faith belief, *at the time its performance was requested*, that it had a justifiable reason for withholding payment under the policy." Buzzard v. McDanel, 1987 OK 28, ¶ 10, 736 P.2d 157, 159 (footnote omitted).

Plaintiff has put forth evidence which if proven at trial would demonstrate that Defendant denied the coverage on the 10325 home without taking a statement from the agent, without investigating the underwriting file to learn of previous actions by Plaintiff which purportedly support her position here, and in essence failing to construe the facts in favor of coverage and instead construing them against the insured. Thus, there is evidence from which a reasonable jury could find that Defendant did not have a justifiable reason for withholding payment. As for the decision on the 10341 property, as the Court noted above, Defendant's interpretation of the policy language was overly narrow and was not construed in favor of the insured.

In short, the Court finds this matter must be submitted to the jury. As the Oklahoma Supreme Court has stated "'if there is conflicting evidence from which different inferences may be drawn regarding the reasonableness of insurer's conduct, then what is reasonable is always a question to be determined by the trier of fact by a consideration of the

circumstances in each case.'" Badillo v. Mid Century Ins. Co., 2005 OK 48, ¶ 28, 121 P.3d 1080, 1093 (quoting McCorkle v. Great Atl. Ins. Co., 1981 OK 128, ¶ 21, 637 P.2d 583, 587.). Defendant's motion will be denied as to the bad faith claims.

## CONCLUSION

As set forth more fully herein, the undisputed material facts demonstrate that Defendant breached the insurance contract by denying Plaintiff's claim on the house at 10341 Belmont. Accordingly, Plaintiff's Motion for Partial Summary Adjudication (Dkt. No. 27) is GRANTED. Further questions of fact remain on the validity of the denial of coverage for the house at 10325 Belmont and on whether Defendant acted in bad faith on either or both denials. Therefore, Defendant's Motion for Summary Judgment (Dkt. No. 23) is DENIED. A separate judgment will enter at the close of the case.

IT IS SO ORDERED this 17th day of February, 2008.

ROBIN J. CAUTHRON
United States District Judge